**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

DARREN DALE BECKER, Individually    :
and as Executor of the Estate of DONALD    :
DALE BECKER,    :
    :
    Plaintiff,    :
    :
    v.    :    C.A. No. 15-675-LPS-CJB
    :
CONTINENTAL MOTORS, INC., et al.,    :
    :
    Defendant.    :

---

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a 13-page Report and Recommendation ("Report") (D.I. 59), dated September 21, 2017, recommending that the Court (i) grant without prejudice Defendant Continental Motors Inc.'s ("Continental") motion to dismiss Counts IV, V, and VI of Plaintiff Darren Dale Becker, individually and as executor of the estate of Donald Dale Becker's ("Plaintiff") Complaint (D.I. 33) and (ii) permit Plaintiff fourteen (14) days to file an amended complaint;

WHEREAS, on October 5, 2017, Plaintiff objected to the Report ("Report Objections") (D.I. 60);

WHEREAS, on October 19, 2017, Continental responded to Plaintiff's Report Objections ("Report Response") (D.I. 63);

WHEREAS, Magistrate Judge Burke issued an oral order ("Order") (*see* D.I. 75) on October 27, 2017, denying Plaintiff's motion to stay this action pending resolution of a parallel suit in South Carolina state court (D.I. 52);

1

WHEREAS, on November 13, 2017, Plaintiff objected to the Order ("Order Objections") (D.I. 77), specifically to Judge Burke basing his decision on an abstention doctrine, rather than the Court's inherent discretionary power to stay litigation;

WHEREAS, on November 27, 2017, Continental and Defendant Engine Components, Inc. (collectively, "Defendants") responded to Plaintiff's Order Objections ("Order Response") (D.I. 79);

WHEREAS, the Court has reviewed the parties' objections and responses to the Report *de novo*, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011), and the parties' objections and responses to the Order under the "clearly erroneous and contrary to law" standard, *see* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law.");

**NOW THEREFORE, IT IS HEREBY ORDERED** that:

1. Plaintiff's Report Objections (D.I. 60) are **OVERRULED**, Judge Burke's Report (D.I. 59) is **ADOPTED**, Continental's Rule 12(b)(6) Motion to Dismiss (D.I. 33) is **GRANTED WITHOUT PREJUDICE**, and Plaintiff is **GRANTED** fourteen (14) days to file an amended complaint.

2. Plaintiff's Order Objections (D.I. 77) are **OVERRULED**, Judge Burke's Order (D.I. 75) is **AFFIRMED**, and Plaintiff's Motion for Stay (D.I. 52) is **DENIED**.

3. Plaintiff objects to the Report's finding that Plaintiff did not adequately plead proximate causation. (*See* D.I. 60 at 1) Plaintiff contends that the Report misapplied the pleading standard, arguing that the Complaint adequately pleads "how defects in the engine

resulting [in] power loss caused the underlying accident," whether South Carolina or Delaware

law is applied. (*See id.* at 3-4, 6)

4.      Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)

requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*,

372 F.3d 218, 223 (3d Cir. 2004). The Court may grant a motion to dismiss only if, after

"accepting all well-pleaded allegations in the complaint as true, and viewing them in the light

most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472,

482 (3d Cir. 2000) (quotation marks omitted). However, to survive a motion to dismiss, "[t]he

complaint must state enough facts to raise a reasonable expectation that discovery will reveal

evidence of [each] necessary element" of the plaintiff's claim. *Wilkerson v. New Media Tech.*

*Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (quotation marks omitted).

5.      Under South Carolina law,[1] establishing proximate cause requires a plaintiff to

prove causation in fact (or "but for" causation) and legal cause. *See McKnight v. S.C. Dep't of*

*Corr.*, 684 S.E.2d 566, 569 (S.C. Ct. App. 2009). Under Delaware law, a plaintiff must "prove

that but for the tortious conduct of the defendant, the injury which the plaintiff has suffered

---

[1]Sitting in diversity, the Court must apply the applicable state's substantive law to
Plaintiff's state law claims. *See Robertson v. Allied Signal Inc.*, 914 F.2d 360, 378 (3d Cir.
1990). However, as the Report explained, neither party has addressed which state's law is
applicable (including the fact that Delaware does not recognize strict products liability claims).
(*See* D.I. 59 at 5; *see also Cline v. Prowler Indus. of Md., Inc.*, 418 A.2d 968, 974 (Del. 1980))
Instead, Plaintiff addresses both South Carolina's and Delaware's proximate cause standards,
contending it does not matter which applies. (*See* D.I. 60 at 3-4) Continental simply does not
address the issue. (*See* D.I. 63) Nonetheless, the Court agrees with Plaintiff that the result is the
same under either standard, and therefore the Court need not decide the choice of law question to
resolve the objections. (*Accord* D.I. 59 at 11 (concluding Plaintiff failed to sufficiently plead
proximate cause "pursuant to South Carolina law on proximate causation [and] (indeed, under
Delaware law too)"))

3

would not have occurred." *Money v. Manville Corp. Asbestos Disease Comp. Tr. Fund*, 596 A.2d 1372, 1375 (Del. 1991).

6.      Regardless of which state's law applies, the Complaint lacks sufficient factual allegations of proximate cause. The only sentence in the Report Objections addressing this deficiency highlights the problem. Plaintiff writes, "The engines were not generating sufficient thrust to assist the pilot in his recovery." (D.I. 60 at 4) (quoting D.I. 1 ¶ 49) Rather than pointing to where the Complaint alleges why "but for" the alleged defect the engine would have generated sufficient thrust, Plaintiff simply moves on: "As the aircraft descended and impacted the pole, several components separated from the airframe." (*Id.*) (quoting D.I. 1 ¶ 50) While these two events happened sequentially, simply pointing out that fact – the tactic Plaintiff takes in both the Report Objections and, more importantly, in the Complaint (*see* D.I. 1 ¶¶ 48-50) – is not enough to sufficiently plead that the engine's lack of thrust was caused by (or even *can* be caused by) the alleged engine defect. That is, the Complaint's single sentence alleging the engine did not generate sufficient thrust is insufficient to plead that the alleged "premature wear of the engine's cylinder assemblies, valve assemblies, bearings, cracking, and other malfunctions" did or can cause the IO-520 engine to lose thrust. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks omitted). Thus, the Court agrees with the Report that the Complaint lacks sufficient "factual articulation or explanation as to *whether and how* the identified defects in Continental's engine are said to be responsible for the lack of power or crash" and, therefore, fails to adequately plead proximate causation. (D.I. 59 at 12) (internal quotation marks omitted)

4

7.      Plaintiff also objects to the Order denying Plaintiff's motion to stay this action pending resolution of Plaintiff's original suit against Defendants in the South Carolina Court of Common Pleas. (*See* D.I. 77) Plaintiff contends that Judge Burke failed to address his discretionary power to stay the present action – the basis on which Plaintiff sought the stay (*see* D.I. 52 at 2) – choosing instead to deny the stay based on the *Colorado River* abstention doctrine (*see* D.I. 77 at 2-3; *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)). Though Plaintiff never says so explicitly – indeed, Plaintiff never explicitly contests the *Colorado River* doctrine's applicability to this case (or Judge Burke's application of that doctrine to the facts of this case) (*see* D.I. 77) – the implication of the Order Objections is that doing so was improper. Thus, the Court understands Plaintiff to contend, even if only implicitly, that Judge Burke applied the incorrect legal standard when deciding Plaintiff's motion to stay.

8.      "A Magistrate Judge's order is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law." *Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*, 61 F. Supp. 3d 437, 441 (D. Del. 2014) (internal quotation marks omitted). The objecting party "bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Degussa v. Materia Inc.*, 2011 WL 3707067, at *2 (D. Del. Aug. 24, 2011).

9.      To start, Plaintiff, having never contested the *Colorado River* doctrine's applicability to its motion to stay, cannot now complain about its application to the case. *See* D. Del. L.R. 72(5) (requiring objecting party to "certify[] that the objections do not raise new legal/factual arguments"). Before ruling on Plaintiff's motion, Judge Burke specifically asked Plaintiff's counsel whether they "agree[d] that [the *Colorado River*] doctrine [wa]s implicated"

5

in the "question . . . as to whether or not to stay this case in favor of South Carolina," to which

Plaintiff's counsel responded, "Yes." (D.I. 75 at 48-49; *see also id.* at 51-52 (answering

substantively, and not contesting doctrine's applicability, when asked, "Is there anything further

you [Plaintiff's counsel] would like to say . . . about the *Colorado River* factors and how they

relate to the stay issue that I need to decide?")) Indeed, Plaintiff **argued** to the Court that the

doctrine applied and should guide Judge Burke's determination of whether to stay the case. (*See*

D.I. 58 at 1-2)

      10.     There was good reason for Plaintiff to do so. Whether to stay litigation is

committed to the Court's discretion. *See Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656,

658 (D. Del. 1990). In exercising this discretion, courts typically consider three factors:

(1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial

date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical

disadvantage to the non-moving party. *See St. Clair Intellectual Prop. Consultants v. Sony

Corp.*, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003). However – as both sides expressly

agreed (*see* D.I. 75 at 48-49, 62-63) – in the context of a motion to stay in favor of parallel state

proceedings, the *Colorado River* doctrine is implicated. *See Moses H. Cone Mem'l Hosp. v.

Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983); *McMurray v. De Vink*, 27 F. App'x 88, 92 (3d

Cir. 2002) ("The stay that was entered is nothing more than the procedural mechanism for

abstaining in favor of the concurrent state litigation."); *Summa Four, Inc. v. AT & T Wireless

Servs., Inc.*, 994 F. Supp. 575, 580 (D. Del. 1998) (applying *Colorado River* doctrine to decide

defendant's motion to stay federal proceedings pending parallel state court proceeding); *Horack

v. Minott*, 1995 WL 330730, at *5 (D. Del. May 26, 1995) (same). The *Colorado River* doctrine

6

recognizes that while "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," certain "exceptional" circumstances warrant staying federal proceedings pending resolution of parallel state proceedings. *Colo. River*, 424 U.S. at 817-18 (internal quotation marks omitted). Under *Colorado River* and its progeny, courts consider numerous factors to determine whether a federal court should defer to a pending parallel state court litigation and enter a stay. *See BIL Mgmt. Corp. v. N.J. Econ. Dev. Auth.*, 310 F. App'x 490, 492 (3d Cir. 2008) (listing factors). That is precisely the analysis Judge Burke undertook here. (*See* D.I. 75 at 62-72)

11.     Plaintiff has not cited any authority suggesting either that (1) this was incorrect or (2) that Judge Burke's decision to exercise his broad discretion to decide Plaintiff's motion in this way (as opposed to considering the particular factors Plaintiff initially, and now again, suggests the Court should) was inappropriate. *See Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976). Accordingly, the Court agrees with Defendants that Plaintiff has failed to show "that Judge Burke's Order is either 'clearly erroneous' or 'contrary to law.'" (D.I 79 at 4) (citations omitted)

January 29, 2018                    HONORABLE LEONARD P. STARK
Wilmington, Delaware                UNITED STATES DISTRICT JUDGE

7